Osborne & Co. v. Stassen.

# D. M. Osborne & Co. v. J. H. Stassen.

Breach of Contract; *Measure of Damages.* S. was the agent of O. for the sale of certain machines, and was to receive $60 on each machine as a commission and compensation for selling the same. It was his duty to see that all machines sold were properly set up and put in operation, and according to the evidence it would cost him about $20 to set up and put in operation each machine. He was entitled to receive five machines from O., but did not in fact receive any one of them. *Held,* That his measure of damages was the actual loss which he sustained, and was not necessarily $60 on each machine; therefore, *held,* that the court below erred in instructing the jury substantially that the measure of his damages was $60 on each machine.

## Error from Ellsworth District Court.

At the September Term, 1880, of the district court, defendant, *Stassen,* had judgment for $164.40 against plaintiffs, *D. M. Osborne & Co.,* who bring the case here. The facts appear in the opinion.

*Lloyd & Evans,* for plaintiffs in error.

*J. D. Lafferty,* for defendant in error.

The opinion of the court was delivered by

Valentine, J.: This action was commenced by D. M. Osborne & Co. against J. H. Stassen on a promissory note for $112.50, drawing interest at the rate of 10 per cent. per annum from October 1, 1878. No question was raised concerning the promissory note, but the defendant interposed a set-off for $300. A trial was had with regard to this set-off before the court and a jury, and the court and jury allowed the full amount of the promissory note with interest, and also the full amount of the defendant's set-off, and rendered a verdict and judgment in favor of the defendant and against the plaintiffs for the balance due on the set-off, amounting to $164.40. The plaintiffs bring the case to this court.

We think that the court below committed one, and only

one, material error, and this was with regard to the rule of damages claimed by the defendant. The defendant was the agent of the plaintiffs for the sale of various machines, among which were Osborne's self-binding harvesters. These machines were to be sold by the defendant for $300 each, and he was to receive $60 on each machine as his commission and compensation for selling the same. The plaintiffs were to furnish these machines to the defendant as fast as he contracted to sell them to purchasers and ordered them from the plaintiffs; but while the defendant so contracted to sell, and so ordered five of such machines, yet the plaintiffs never furnished any one of them. The defendant's set-off was a claim for damages for the amount of his commission or compensation which he would have received if he had actually received these five machines and sold them to purchasers. The plaintiffs and defendant had previously entered into a written contract, by which the defendant agreed, among other things, " to see that all machines sold were set up and operated as per directions. when started to work." Evidence was introduced on the trial showing that " it cost an agent about $20 to put up a self-binder after he received it, in time, money and labor," and the court below instructed the jury, among other things, as follows: "The amount of Stassen's commission on each machine the contract fixes at $60, which is the amount you will take, if any you allow him;" and, as before stated, the jury took this amount and allowed the whole of it to the defendant, Stassen. We think the court below committed error by giving this instruction. The defendant was entitled to recover damages only to the extent of his loss, and if it cost him $20 to set up and start each machine in operation, then his loss on each machine which he did not receive, and therefore did not sell, could not have been more than $40. And, under the evidence, whether it cost him anything or not to set up and start the machines in operation, was a question which should have been submitted to the jury. The court should not have decided the question itself. It may be that the defendant in fact was entitled to the full $60 commission on each machine,

47—25 KAS.

for it may be that in fact, it would not have cost him anything to set up the machines and to start them in operation; or it may be that he had nothing else to do, and that he could do that as well as not, and without expending any money or property therefor; but under the evidence, the question was not one of law for the court, but was one of fact for the jury. It was for them to decide whether the defendant's actual loss was the entire $60 on each machine, or whether it was only a portion of such $60, say $40. Of course, if the defendant did not receive the machines, he had no trouble to set them up or to start them in operation. And whether this trouble consisted of time, labor, or the expenditure of money, we cannot say, as a matter of law, that the defendant should receive compensation therefor. It would seem that to receive compensation therefor would be to receive something for nothing.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.