### THE BAXTER STATE BANK v. T. C. MOORE.
#### No. 14,975    (89 Pac. 1131.)

EVIDENCE—*Admission.*    Where one claimed salary as a bank
officer, it was said a demurrer to his evidence because there
was no allegation or proof that he owned the required
amount of stock was properly overruled, the petition not
having been demurred to and the answer having admitted
that plaintiff was elected and had held the office, as alleged.

Error from Cherokee district court; WILLIAM B.
GLASSE, judge.    Opinion filed April 6, 1907.    Affirmed.

*Tracewell & Moore,* for plaintiff in error.

*A. D. Neale,* for defendant in error.

*Per Curiam:*    T. C. Moore sued to recover ten
months' salary as vice-president of the Baxter State
Bank at $75 per month.    The bank was organized in
February, 1905.    At a meeting of the directors the
following officers were elected for one year: Presi-
dent, J. M. Cooper; vice-presidents, T. J. Morrow and
T. C. Moore; cashier, F. S. Greene.    The bank was
chartered in March, and began business April 19,
1905.    At a second meeting of the directors the sal-
aries were fixed as follow: J. M. Cooper $50, F. S.
Greene $100 and T. C. Moore $75 per month.    Moore
was to be the bookkeeper and clerk, and served in that
capacity for two months and was paid the salary for
that time, when he was removed by the president and
discharged.    After being discharged he offered at dif-
ferent times to continue the services in the bank, but
was not permitted to go behind the counter or par-
ticipate in the conduct of the bank's business.

He testified that his salary was fixed as vice-presi-
dent, and the minutes of the directors' meeting, at
which he acted as clerk, furnish some support to his
contention.    The bank claims with much reason that
his salary was fixed as bookkeeper and clerk, and that

it ceased when he was discharged. Five directors and officers of the bank testified that such was the arrangement at the time the salaries were fixed, and dispute the correctness of the minutes.

The fact that no salary was paid to the other vice-president, and that although Moore was elected vice-president in February he never demanded any salary nor was paid anything until he commenced active work as bookkeeper and clerk, were all circumstances tending to corroborate the claims of the bank. The sole question involved was whether he was to be paid as vice-president or as clerk. The jury returned a verdict in his favor for the amount claimed, and the trial court approved it. The jury also made a number of special findings of fact, all of which support the verdict.

It is claimed that the demurrer to the evidence should have been sustained, as there was no allegation in the petition and no proof that Moore was the owner in his own right of $500 of the stock of the bank, as provided in chapter 69 of the Laws of 1903, and therefore he could not hold the office of vice-president.

There was no demurrer to the petition, and besides the answer expressly admits that he was elected and held the office as alleged in the petition. The other errors complained of relate to rulings upon evidence, none of which is substantial, or sufficient, if well taken, to warrant a reversal.

The judgment is affirmed.