No. 22,058.

E. R. HESS, *Appellee, v.* THE KISMET STATE BANK, *Appellant.*

SYLLABUS BY THE COURT.

1. BANK CASHIER—*Presumptions as to His Qualifications.* One who has been regularly selected to act as cashier of a state bank by the board of directors and who discharges the duties of cashier is presumed to be the holder of the number of shares of stock of the bank provided by section 522 of the General Statutes of 1915.

2. SAME—*Plaintiff Properly Selected as Bank Cashier.* No formal election is necessary to entitle one to hold the office of cashier of a state bank, and the statute contemplates that the selection shall be for one year. Where one has been already formally elected for a year and at the regular meeting of the directors a resolution is adopted fixing his salary for another year and he is permitted to enter upon and discharge the duties of the office, there has been a sufficient selection.

3. SAME—*Wrongfully Discharged—Entitled to Damages.* The cashier of a state bank, claiming that he had been wrongfully discharged as a cashier, sued to recover damages based on the amount of the salary for the balance of the term, alleging that he was able, ready, and offered to continue to perform the duties of the office. *Held,* that the evidence was sufficient to sustain a judgment in his favor.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed May 8, 1920. Affirmed.

*F. S. Macy,* of Liberal, for the appellant.
*John W. Davis,* of Greensburg, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff brought this action to recover a balance claimed to be due for salary as cashier of the defendant bank for the year 1917. There was a judgment in his favor, from which the bank appeals.

Plaintiff's evidence showed that he was one of the organizers of the bank, which opened for business June 15, 1915; that he was selected as cashier and performed the duties of the office until the annual meeting of the directors on January 6, 1916, at which time he was duly elected as cashier for one year and his salary fixed at $75 per month. At the annual meeting of the board on the 6th day of January, 1917, he requested that his salary be fixed at $100 per month; after con-

siderable discussion a motion was adopted fixing his salary at $75, to which he agreed. No formal resolution reëlecting him as cashier was adopted, but he continued in the performance of the duties of the office until the 12th day of March, 1917, when the president of the bank offered him $100 to resign, and when plaintiff declined, informed him that his services would be no longer needed and discharged him. Plaintiff offered to continue as cashier and for a considerable time went to the bank every day and tendered his services, but the offer was refused.

After a demurrer to the petition had been overruled, the bank filed an answer which consisted of a general denial and an attempt to plead the defense that plaintiff was not the owner of any stock in the bank that was not hypothecated, and, therefore, was not entitled under the law to hold the office of cashier.

The defendant also demurred to plaintiff's evidence, and it is argued that the demurrer should have been sustained not only to the petition but to the evidence, because of plaintiff's failure to allege or prove that he was at any time since the organization of the bank the owner of $500 of the bank's stock that was not hypothecated. The defendant relies upon section 522 of the General Statutes of 1915, which provides that the board "shall select from among the stockholders a cashier. Such officers shall hold their offices for the term of one year and until their successors are elected and qualified, . . . and no person shall hold the office of director or cashier or managing officer of any bank unless he owns, in his own name and right and in good faith, at least five hundred dollars of stock, which shall not be pledged or in any way hypothecated."

The defendant cites the case of *Bank v. Moore,* 75 Kan. 840, 89 Pac. 1131, an action to recover salary as a bank officer, in which a demurrer to the evidence was rested upon the ground that there was no allegation or proof that he owned the required amount of stock. It was held that the demurrer was properly overruled, the petition not having been demurred to and the answer having admitted that plaintiff was elected and held the office as alleged. While there was a demurrer to the petition in the present case, we think it was properly overruled. It would have been good pleading to have set out

Hess v. Bank.

the fact that the plaintiff was a stockholder as required by the statute, but as against the general demurrer the plaintiff was entitled to the benefit of every reasonable inference, and from the fact that the directors of the bank at the regular statutory meeting duly selected plaintiff to fill the office of cashier, fixed his salary and permitted him to enter upon and discharge the duties of the office, it must be assumed that he was a stockholder, that the bank directors would not have violated the provisions of the banking laws by electing him to fill the office if he were not a stockholder.

The defendant called the plaintiff as a witness and asked him if at the time of the organization of the bank he subscribed for five shares of stock. He answered, "Yes." He was then asked if on the 6th day of January, 1917, he owned five shares of stock in the bank which had not been hypothecated. His answer was, "I did." The defendant's answer admits that he had been the owner of five shares of the bank's stock, and avers that he had transferred these shares on the 23d of March, 1917, which was after he had been discharged and his services refused. The main purpose of the provision of the banking laws requiring certain bank officers to be stockholders is for the protection of depositors and creditors of the bank; and if it be true that the officers of this bank selected plaintiff as cashier and permitted him to hold the office and perform its duties without his being a stockholder, the bank ought to be estopped from setting that up as a defense in an action to recover compensation for services performed as cashier. The statute contemplates that the selection shall be for one year and the cashier shall hold his office for that term. No formal election was necessary to entitle plaintiff to hold the office. He had already been formally elected for one year, and the action of the board in adopting a resolution fixing his salary for another year, and in permitting him to enter upon and discharge the duties of cashier was a sufficient selection. The plaintiff's evidence tended to show that he was able, ready and offered to continue to perform the duties of the office, but was prevented by his wrongful discharge. No objection seems to have been urged as to the measure of damages based on the amount of the salary for the balance of the term. It must be held that the evidence was sufficient to sustain the judgment.

It is urged that there was error in the exclusion of testimony. The record does not show that the testimony was preserved, and this objection and other trial errors complained of are not before us, for the reason that the record fails to show that the motion for a new trial was ever passed upon; in fact, the defendant asserts that the motion is still pending. It is apparent that no good purpose would be subserved by prolonging the litigation. From what is disclosed by the record respecting the character of the excluded evidence, it may be said that if the evidence had been admitted it would not have established a defense.

The judgment is affirmed.