No. 30,581.

Lafe E. Haskell, *Appellee,* v. M. D. Stryker, *Appellant.*

(11 P. 2d 700.)

Opinion filed June 4, 1932.

*J. L. Stryker* and *W. H. Edmundson,* both of Fredonia, for the appellant.

*E. D. Mikesell,* of Fredonia, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for a sum alleged to be due on a contract of employment breached by defendant. The trial court directed a verdict for plaintiff. Defendant has appealed.

In the third amended petition, on which the trial was had, it is alleged that plaintiff is a building contractor, working particularly in brick, cement and stone; that defendant owns a farm on which he desired to have new improvements and repairs to old improvements made; that on December 4, 1928, they entered into the following contract in writing:

"For and in consideration of $500 to be paid when work is completed, Lafe

Haskell agrees to do the following work for M. D. Stryker on his farm on the northeast quarter of section 23, township 30, range 14, Wilson county, Kansas:

"Build a barn 60 x 32 and 12 feet high. Walls are to be laid of hollow tile from foundation and bottom of the floor up with cement floor over all inside space. Water tank—25 feet clear, 5 feet above and 2 feet below the ground, 1 foot foundation with cement floor, plastered inside and out. Porch wall 14 x 16 x 3 feet high and cement floor on the southeast side of the house. Porch—24 x 5 x 3 feet wall; cement floor on the north side of the house. Porch—10 x 16 feet wall and foundation only on the southwest side of the house. Sixty feet of 30-inch sidewalk from house to front gate. House foundation repaired and stuccoed one foot down from sill all around.

"Stryker to furnish all material and help; Haskell to do all mason and finishing work, all work to be done in good workmanlike manner."

It further alleged that by this contract defendant was to furnish all material and labor necessary, except the mason work in laying the tile and the finish work on the concrete, in the erection of said building and work, and plaintiff was to furnish his knowledge and skill as a building contractor and cement worker in the overseeing and superintending of the work, and was to lay the tile and direct the help in setting the forms for the cement and do the finish work on all concrete. It further alleged that plaintiff fully carried out and performed the contract on his part, except where changes were made at the request of defendant, and except the putting in of the cement floor for the barn and the construction of the water tank, which he was prevented by defendant from doing; that about September 26, 1929, defendant, without just cause, ordered him to cease further work; that he was then and at all times since has been ready and willing to complete the work provided for in the contract. The prayer was for judgment for $500 with interest since September 26, 1929.

Defendant's answer contained a general denial. It admitted the execution of the instrument of December 4, 1928, but alleged that it was abandoned and that thereafter, in August, 1929, the parties had an oral agreement by which plaintiff was to work at 75 cents per hour and was to furnish his own crew of laborers, which defendant would pay, but only such improvements would be built as defendant might direct; that plaintiff was to furnish defendant weekly statements as to his own labor and that of other persons employed; that pursuant to such oral agreement, and using the dimensions of structures and improvements as described in the memorandum of December 4, 1928, as a guide, some of the work was done; that in several instances plaintiff departed from the dimensions of the

structures, and that plaintiff's workmanship was inferior, to defendant's damage, and that by reason thereof defendant refused to continue the construction of improvements; that defendant has paid for all labor and services performed by plaintiff personally, or other persons employed by him, so far as statements have been furnished; that if any such labor has been performed for which payment has not been made plaintiff has refused to furnish statements thereof, although requested by defendant to do so. The prayer was that plaintiff take nothing by his action and that defendant have judgment for damages in the sum of $250.

When the action was called for trial defendant objected to the introduction of any testimony for the reason that the petition alleged a contract, but did not allege performance of it by plaintiff; but, on the other hand, the allegations showed that there had not been full performance. This objection was overruled.

Plaintiff testified that he was not to "build a barn 60 x 32 and 12 feet high," as the contract provided, but that all he was to do in constructing the barn was to begin, after the foundation had been put in, and lay the walls of tile 12 feet high, with proper openings for doors and windows, and to finish the cement floor which was to be put in. He testified:

"There was nothing in the contract that I was to build the barn. I built the walls of the barn. I built part of the foundation. He (Stryker) paid me for that. I built all the rest of the wall, and that was all I was to do for the barn. . . . My contract was to take this from the foundation up."

Obviously his conception of what he was to do on the barn was much short of what the contract provided by its terms. To build a barn is certainly to do more than to lay up the side walls. Plaintiff further testified that the talk between the parties before the contract was written was that he was to do the mason work, finish the cement after it had been laid, and supervise all of the work that was to be done, but conceded that nothing was said about that in the contract on which suit was brought. It developed, also, from his testimony that at the time the contract was entered into defendant expected to be able to make arrangements with his tenant on the farm to do the common labor about the improvements, but was unable to make that arrangement, and nothing was done for more than six months, under the contract. The matter was taken up anew in August, 1929, when a different arrangement was made by which plaintiff was to take men who were working for him and do the work. It also developed

that the work done, while most of it followed the general outline of the work to be done by the contract of December 4, 1928, differed from it in material particulars and included other work not mentioned in that contract; also, that a part of the work done by plaintiff was defective, and that only a part of the work—perhaps half of that outlined by the contract of December 4—had been completed when defendant told plaintiff he would not do any more of the improvement work. At the close of plaintiff's evidence defendant demurred thereto. The demurrer was overruled. Defendant stated he did not desire to introduce evidence, but would stand on his demurrer. Thereupon the court directed a verdict for the plaintiff for the full amount claimed.

On behalf of the appellee it is argued that in ruling on the demurrer the court was bound to take into consideration all the evidence and the inferences which might reasonably be drawn therefrom favorable to plaintiff. That is true, but, considering the evidence in the most favorable light for plaintiff, it falls far short of showing that plaintiff was entitled to recover the full amount claimed. The contract sued on specifically provided that the $500 was "to be paid when work is completed." It is conceded that the work was not completed, hence plaintiff is not entitled under the contract to recover the full amount.

Appellee argues that when one is employed for a definite length of time at a fixed salary for the term or by the month, or is employed to do a definite amount of work for a fixed sum, and is wrongfully discharged before the term of the employment ends, or before the work contracted for is completed, he is entitled to the full payment if he was ready, able and willing to continue and complete the term of employment or the work contracted. On this point he cites and relies on *Hess v. Bank,* 106 Kan. 701, 189 Pac. 919, syl. ¶ 3, apparently overlooking the fact that the opinion discloses (p. 703) that no objection was made to the measure of damages based on the amount of the salary for the balance of the term. The contention made by appellee is incorrect. When one is employed for a definite term at a fixed salary for the term, or by the month, and is wrongfully discharged, it is incumbent upon him to use all proper means and be diligent in his efforts to obtain other employment or do other work for the balance of the term, so as to minimize his damages. The matter is quite fully discussed in *Griffin v. Oklahoma Natural Gas Corp.,* 132 Kan. 843, 297 Pac. 662, where one who was employed

for a term, at a salary of $250 per month, was wrongfully discharged. A number of earlier decisions are reviewed, and it was said:

"The result of the foregoing is that breach of contract of employment is to be redressed as injuries in other relations are redressed." (p. 848.)

That is to say, that one who recovers damages must show that he is injured. No showing of that kind was made in this case, nor was it attempted to be made. Actions for damages arising out of varied relations of parties have caused rules with respect to the measure of damages to be laid down applicable to the specific relation presented to the court. The fundamental principle underlying all of them is that one may recover for damages actually sustained, but for no more. Were plaintiff's suit framed as an action for damages for the breach of a building contract the rules for the measure of damages outlined in *McGrew v. Investment Co.*, 106 Kan. 348, 187 Pac. 887, and *Chastain v. Greene*, 121 Kan. 742, 250 Pac. 264, perhaps would be applicable. But plaintiff did not so frame his cause of action.

It is clear from what has been said that plaintiff's evidence did not support the cause of action alleged in his petition, neither were the elements of damages to which the plaintiff might have been entitled brought out by the testimony. The result is that defendant's demurrer to plaintiff's evidence should have been sustained.

The judgment of the court below is reversed with directions to sustain the demurrer to the evidence.