[Civil No. 3324. Filed October 10, 1933.]

[25 Pac. (2d) 551.]

LAWRENCE SPAIN and SAM SCHUSTER, Appellants, v. DOLLIE P. GRIFFITH, Appellee.

Mr. C. H. Young and Mr. Paul J. Feehan, for Appellants.

Mr. J. Fred Hoover, for Appellee.

LOCKWOOD, J. — Dollie P. Griffith, hereinafter called plaintiff, brought suit against Lawrence Spain and Sam Schuster, hereinafter called defendants, for damages to certain real and personal property owned by her, which damages she claimed were caused by the negligence of Schuster in driving an automobile bus belonging to Spain. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $1,708, and from the order overruling the motion for new trial and the judgment this appeal has been taken.

The undisputed facts of the case are that a bus driven by Schuster ran into a building owned by plaintiff and damaged it to a considerable extent. It is not seriously disputed by defendants that the jury was justified in returning a verdict against them for some amount, their only contention on this appeal being that there is no evidence to support a verdict for the particular amount found, and that it was evidently based upon passion and prejudice rather than on the evidence.

It is, of course, the invariable rule of this court that, where there is a dispute in the evidence from which reasonable men could arrive at different conclusions as to the ultimate facts, we will not disturb the findings of a trial court or the verdict of a jury because we do not agree with the conclusion reached. On the other hand, if there is no evidence in the record which would justify such a conclusion by the triers of fact, it is not only our right, but our duty, to set aside a verdict.

In order to determine the question before us, it is necessary that we review briefly certain portions of

the evidence. There is no serious question that the damage to personal property did not exceed $100. The realty damaged consisted of a long building in an auto court in Yuma, constructed of concrete blocks and containing eight separate apartments under the one roof. The bus ran into the apartment nearest the road, and there is no question but that it pretty thoroughly wrecked it. It is the contention of plaintiff that, in addition to injuring the first apartment, since the eight were constructed as one building, the shock injured all the others to such an extent that in order to restore them to their original condition it would be necessary in substance that the entire structure be torn down and rebuilt from the foundation up. In support of this contention she offered two, and only two witnesses, the first being her husband, Daniel K. Griffith. He testified in some detail as to the specific injuries which he claimed had been done to the building, and in response to the question as to how much it would cost to put it in the same condition it was prior to the accident answered "approximately $4,000.00." He did not go into details as to the cost of the different items. The other witness for plaintiff on the same point was a contractor by the name of Rhea Hagmes. He described the building in detail, and stated that he had examined it carefully both before and after the accident, and had made an estimate as to the cost of putting it back in its original condition. He did not go into details as to how much each item of repairs would cost, with the exception of the cost of new cement blocks which he estimated at approximately $700, but fixed a lump sum of $4,-238.42 for the job. This was the only evidence offered by plaintiff as to the cost of putting the building in its original condition. Defendants, on the other hand, called two contractors, who testified that they had offered plaintiff to replace the building in the same condition in which it was before the accident,

the one for $175 and the other for $350. All of the estimates were made in a lump sum and not in detail as to the specific items of repair necessary. This was all the testimony offered as to the measure of damages.

It is obvious from this that there is no manner in which we can reconcile the verdict of the jury with the testimony of the witnesses. When compensatory damages are susceptible of proof with substantial accuracy even in cases of tort, they must be so proved. 17 C. J. 958. And no substantial recovery may be based on anything except evidence which justifies an inference that the damages awarded are just and reasonable. *Bokoshe Smokeless Coal Co.* v. *Bray et al.,* 55 Okl. 446, 155 Pac. 226. If the jury believed plaintiff's witnesses, the verdict should have been for not less than $4,000. If they believed defendants', it should have been not in excess of $450. The figure at which they arrived, $1,708, is so far from either the testimony of plaintiff's or defendants' witnesses, or any possible combination thereof, that there is no reasonable theory on which we can assume that it was based upon the evidence. It must have been either a "quotient verdict" or else have been based on some theory evolved by the jury itself and not supported by any evidence. Neither of these methods will support a verdict. Such being the case, the judgment must necessarily be reversed and the case remanded for a new trial. It is so ordered.

ROSS, C. J., and McALISTER, J., concur.