583 P.2d 1384

**NELSON and Ruth Nelson, husband and wife, d/b/a Nelson Architect, AIA, Appellants and Cross-Appellees,**

**v.**

**Kenneth E. CAIL and Patricia A. Cail, husband and wife, Appellees and Cross-Appellants.**

**No. 1 CA–CIV 3753.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 27, 1978.

Rehearing Denied Aug. 1, 1978.

Review Denied Sept. 12, 1978.

---

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Phoenix, for appellants and cross-appellees.

Cunningham, Goodson & Tiffany, Ltd. by James P. Cunningham, Phoenix, for appellees and cross-appellants.

## OPINION

FROEB, Chief Judge.

Northern Arizona University awarded a contract in August 1971 to Hunt Building Corporation for the construction of a married students' housing facility consisting of 13 buildings and a utility building. Kenneth E. Cail was a plumbing contractor who was awarded the piping and plumbing subcontract for the job. Nelson was an architect employed by Northern Arizona University to design the housing project and supervise its construction.

During the course of construction difficulties arose between Nelson and Cail which resulted in a considerable amount of extra work on Cail's part. Cail contended that Nelson intentionally and without justification imposed additional burdens upon the plumbing job in terms of work and materials not called for by the contract and that, as a result, Cail not only lost the $30,000 profit he expected but incurred other losses as well. The dispute led to a lawsuit in which Cail sought damages against Nelson for (1) defamation of his business reputation and (2) wrongful interference with his contract for the plumbing work on the construction project. Cail also sought punitive damages on both claims.

After a two-week trial, a jury returned a verdict in favor of Cail on the first claim for damages in the amount of $1000 and punitive damages of $3000. It also returned a verdict for Cail on the second claim for general damages of $40,000 and punitive damages of $40,000.

The trial court granted a judgment notwithstanding the verdict on the defamation claim and awarded Cail the sum of $1.00 after vacating the award for punitive damages. The trial court denied a similar motion relating to the claim for interference with contractual relations, leaving the verdict intact. A motion for new trial was also denied. Nelson appealed from the judgment against him on the claim for interference with contractual relations and Cail cross-appealed from that portion of the judgment which reduced the jury verdict on the defamation claim to $1.00.

The issues on appeal are narrow. Nelson does not raise any contention concerning his liability on the claim of interference with contractual relations. His sole issue is whether there was sufficient evidence of damages to support the award and whether the amount of the award bears a reasonable relationship to the evidence. The Cail cross-appeal deals only with the issue of whether Cail was required to prove actual damages to support a verdict on the defamation claim. We turn first to the Nelson appeal.

A substantial portion of the evidence at trial was devoted to proof of Cail's claim that Nelson wrongfully interfered with the

performance of the plumbing subcontract. Since liability for this is not in issue, we need not review this evidence. Proof of damages was very limited and consisted entirely of the following:

1. Cail testified that, as a result of an unreasonable demand by Nelson, he purchased $10,000 worth of cinders to fill a trench.

2. Cail also testified that the project cost him $100,000 over the contract price. He stated as support that he "had gone through his individual company records."

3. Frederic Colgrave, the insulation subcontractor Cail employed for this project, testified that he asked Cail for $16,000 over the contract price for excess costs.

4. Cail was asked what profit he had expected on the contract. His complete testimony on the subject of lost profit was, "$30,000 on this contract."

Nelson did not undertake to cross-examine the witnesses on this testimony and when Cail rested his case, Nelson moved for a directed verdict, which was denied.

Nelson's argument is that the amount of actual damages must be proven with substantial accuracy and that this evidence does not make out a prima facie case. He then argues that without proof of actual damages there can be no award for punitive damages.

■ As background for analyzing this argument, we must reflect upon the nature of the underlying cause of action. The claim was brought in tort for intentional interference with contractual relations. Cail was entitled to recover pecuniary losses which proximately resulted from the interference. This included the benefits of the contract which were denied by reason of the interference. Cail was also entitled to recover punitive damages where Nelson's acts were shown to have been the result of spite, ill will or a reckless indifference to Cail's interest.

■ It is the general rule of damages in Arizona that once the right to damages has been established, uncertainty as to amount of damages will not preclude recovery. *Grummel v. Hollenstein*, 90 Ariz. 356, 367 P.2d 960 (1962); *Maricopa County Municipal Water Conservation District No. One v. Roosevelt Irrigation Dist.*, 39 Ariz. 357, 6 P.2d 898 (1932); *Jacobson v. Laurel Canyon Mining Co.*, 27 Ariz. 546, 234 P. 823 (1925). Yet there must be a reasonable basis in the evidence for the trier of fact to fix compensation when a dollar loss is claimed. *Spain v. Griffith*, 42 Ariz. 304, 25 P.2d 551 (1933).

■ Cail testified that his reasonable profit expected from the plumbing subcontract was $30,000. In our opinion, this was sufficient as prima facie proof of the loss. Two weeks of evidence concerning details of the materials supplied and the work performed by Cail provided a foundation for his opinion concerning his anticipated profit from the job. While the dollar sum was his conclusion obviously drawn from his experience with this and other jobs, it did not fail because there was no documentary evidence supporting it. Nelson made no objection to the foundation for the answer Cail was asked to give. Cail's competency to give it could therefore be assumed. The evidence was adequate for consideration by the jury. There was no challenge to its weight as there was no cross-examination or contradictory proof on the issue offered by Nelson. The jury verdict for an amount at least equal to $30,000 was, therefore, appropriate. Whether the verdict for $40,000 can stand is our next question.

■ It is not as readily discernible from this record how the jury determined that Cail suffered the additional loss of $10,000. There was testimony to the effect that Cail, according to his records, incurred additional expenses of $100,000 over the contract price and that it was necessary for him to borrow $100,000 from United Bank. To what extent Cail recovered these extra expenses from the contractor is not clear. There was testimony that Nelson required Cail to re-excavate a large ditch after it had been partially filled and to refill it with cinders instead of native material at an additional cost of $10,000. There was also

testimony that Nelson caused an increased cost of approximately $10,000 for insulation of pipes. Here, again, there was little or no cross-examination and no contradictory evidence offered by Nelson. It was not essential that the testimony be supported by written documentation for it to constitute prima facie evidence. We can concede that the evidence leaves much to be desired. Nevertheless, there is enough to account for the additional $10,000.

■ Arguing that this evidence was insufficient to support the verdict, Nelson refers us to a group of cases which state that there must be some basis in the evidence for the damages claimed: *Jamison Co., Inc. v. Westvaco Corp.*, 526 F.2d 922 (5th Cir. 1976); *Haddad v. Western Contracting Co.*, 76 F.Supp. 987 (N.D.W.Va. 1948); *Gilmore v. Cohen*, 95 Ariz. 34, 386 P.2d 81 (1963); *Zancanaro v. Cross*, 85 Ariz. 394, 339 P.2d 746 (1959); *B–W Acceptance Corp. v. Saluri*, 258 Iowa 489, 139 N.W.2d 399 (1966); *McGrew v. Ide Estate Inv. Co.*, 106 Kan. 348, 187 P. 887 (1920); *Bitler v. Terri Lee, Inc.*, 163 Neb. 833, 81 N.W.2d 318 (1957); *Beisell v. Wood*, 182 Or. 66, 185 P.2d 570 (1947); *Austin v. Bloch*, 165 Or. 116, 105 P.2d 868 (1940). Unfortunately, none of the cases provide a controlling principle for this case. Cail stated that his expected profit was $30,000. It is sufficient as evidence without more. That it is a factual conclusion does not make it "insufficient." Whether Cail possessed the information to form the foundation for giving this conclusion is a different question and not one which was raised in the trial court by way of objection to the testimony. In any event, it is clear from the entire record that Cail possessed sufficient information upon which to state the amount of his expected profits. Once his testimony was given it was sufficient evidence of damage to be considered by the jury. At that point Nelson could have attacked the correctness of the amount through cross-examination and additional evidence. He chose not to do so.

■ Our evaluation of this evidence does not conflict with the general principle that damages be proven with "reasonable certainty." *See, e. g., Gilmore v. Cohen.* The principle relates to the foundation necessary to support damage evidence. In turn, this requires that a challenge be made to the foundation before the monetary amount is stated by the witness. Were it otherwise, the party presenting the evidence would not know when he had established a prima facie case and would be placed in the position of presenting time-consuming foundation evidence in many cases when no party to the suit challenges the correctness of the evidence.

■ Finally, the jury award of punitive damages in the sum of $40,000 is supported by the award for actual damages in the same amount. *Cf. Hall v. Motorist Insurance Corp.*, 109 Ariz. 334, 509 P.2d 604 (1973).

■ We turn next to the Cail cross-appeal from the order of the trial court granting judgment N.O.V. upon the defamation claim. The jury found that Nelson damaged Cail by slandering his business reputation and awarded damages of $1000 and punitive damages of $3000. There was no proof of actual monetary damage to Cail. The jury was instructed that they could presume damages from words which were slanderous per se. Nelson argued successfully in the trial court on his post-trial motion and now in this court that this was an erroneous instruction and that actual damages must be proven. Cail contends that the law implies damages and that the jury verdict should be reinstated.

Nelson is correct. The case is controlled by *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). *Gertz* holds:

> [T]he States may not permit recovery of presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth. . . . It is necessary to restrict defamation plaintiffs who do not prove knowledge of falsity or reckless disregard for the truth to compensation for actual injury.

*Id.* at 349, 94 S.Ct. at 3011 12, 41 L.Ed.2d at 810 11.

There was no proof of liability nor were jury instructions given based upon a showing of knowledge of falsity or reckless disregard for the truth, sometimes referred to as the *New York Times* standard. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

Cail proceeded in the trial court on a theory that proof of the slanderous words alone entitled him to recover damages. This is contrary to the law in Arizona. *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216 (1977). Cail's argument that *Gertz* should not be applied retroactively to this case was rejected in *Peagler*, which stated that *Gertz* would be retroactively applied in Arizona.

█ It follows also that the verdict for punitive damages was properly set aside, because under *Gertz*, there may be no recovery of punitive damages unless the *New York Times* standard is met.

█ Finally, we reject the contention that $1000 is in actuality an award of nominal damages. Nominal damages are trivial in amount. One thousand dollars is not a trivial amount.

For the reasons stated, the judgment of the trial court and the verdict of the jury in favor of Cail upon Count II of the complaint is affirmed, and the order of the trial court granting judgment N.O.V. for $1.00 in favor of Cail upon Count I is affirmed.

HAIRE, P. J., and NELSON, J., concurring.