In re Michael DUMAS, D.M.D., Debtor.

FSI FINANCIAL GROUP, INC., FSI Financial Services Corp., Uniro Investment Bank of Munich, Germany, Jean Farnan, Donald Green, Standard Mortgage Services, Inc., and Joseph Salamone, Appellants,

v.

Michael S. DUMAS and Paul K. Vanye, individually and as co-partners of Scottsdale Place Associates, a partnership, and Scottsdale Place Associates, partnership, Appellees.

BAP No. AZ–82–1104HKG.

Bankruptcy No. B–80–2824 PHX.

Adv. No. 81–008.

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Argued Nov. 17, 1982.

Decided March 15, 1983.

Michael J. Rusing, Bilby, Shoenhair, Warnock & Dolph, P.C., Tucson, Ariz., for appellants.

John Rea, Winston & Strawn, Phoenix, Ariz., for appellees.

Before HUGHES, KATZ and GEORGE, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge:

Appellants suffered summary judgment on their counterclaims. In this appeal, they question the order as to four of the five counts. We reverse.

### I

Dumas, a Chapter 11 debtor, and a fellow doctor sued appellants in the state court. The action was removed by them to the bankruptcy court. Appellants filed an answer and a five-count counterclaim. The doctors moved for partial summary judgment, which was granted. The four counts subject to this appeal are:

1. Fraud
2. Breach of Contract
3. Fraud
4. Defamation

### A

As to the breach of contract count, appellees stated in their moving papers: "In FSI's second count, FSI alleges that Plaintiffs breached the loan commitment agreement by failing to perform acts which were conditions to the performance of the lender. Such a claim for relief is insufficient on its face." As this part of the motion does not depend on facts outside of the pleadings, it is not a motion for summary judgment under Fed.R.Civ.P. 56(c) but a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). See *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,* 674 F.2d 1252, 1261 n. 14 (9th Cir.1982).

Construing the allegations of this count in the light most favorable to appellants and taking its allegations as true, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), we believe a cause of action is stated. In any event, it was error to dismiss this count without leave to amend. Fed.R.Civ.P. 15(a).

### B

The other three counts were subjects of summary judgment motions. In this respect, appellees stated in their moving papers: "This motion is based on the sworn testimony found in the deposition of Jeanne Farnan and FSI's answer to interrogatories." Both Farnan and FSI are counterclaimants (and appellants). Thus the motion for summary judgment was not supported by any evidentiary matter, such as affidavits, produced by appellees.

We examine the record in view of established principles. Summary judgment cannot be used to cut litigants off from their right of trial by jury of genuine fact issues. *Poller v. Columbia Broadcasting Systems, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). In a motion for summary judgment, the movant has the burden of establishing the absence of a triable issue of fact. *Weinberger v. Hynson, Westcott & Dunning,* 412 U.S. 609, 622 n. 18, 93 S.Ct. 2469, 2479 n. 18, 37 L.Ed.2d 207 (1973); *Clipper,* supra. "If the movant satisfies his initial burden of demonstrating the absence of a genuine issue of fact, the burden then shifts to the opponent to come forward with *specific* facts showing that there remains a genuine factual issue for trial." *Ruffin v. County of Los Angeles,* 607 F.2d 1276, 1280 (9th Cir.1979). (Original emphasis).

"On summary judgment, the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits and depositions submitted below] must be

viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Nolan v. Cleland,* 686 F.2d 806 (9th Cir.1982).

Appellees argued that statements made by Farnan in her deposition amounted to admissions that appellants suffered no damage from the alleged fraud and that this required summary judgment on counts one and three. Asked if she could "relate ... any particular item ... of damage," Farnan replied, "[n]ot at this time, Sir, I can't." Such testimony is entitled to inferences favorable to appellants, such as memory lapse. Taken with answers to interrogatories itemizing various losses, it cannot be said that appellees have satisfied their burden to establish the absence of damages as a triable issue of fact.

### C

Appellees contended that the "record ... has failed to disclose any direct testimony that such [defamatory] statments were ever made" in reference to the fourth count. This reflects a misconception of the respective burdens in a motion for summary judgment. Inasmuch as the record was devoid of admissible evidence establishing the non-existence of defamatory statements by appellees, appellants had no burden of producing opposing evidence in order to defeat the summary judgment. *Ruffin,* supra, *Clipper Express,* supra. Appellees could have met this burden by filing an affidavit denying any defamatory statements; they did not.

Appellees also contend that, as to the fourth count, summary judgment is supported by appellants' failure to establish that there is a triable issue of fact that they suffered damages as a result of any defamatory remarks.

Arizona law requires proof of actual injury in a case of slander per se. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), *Nelson v. Cail,* 120 Ariz. 64, 583 P.2d 1384 (App.1978). Included in the definition of actual injury from defamation are impairment of reputation and standing in the community, personal humiliation, mental anguish and suffering, as well as out of pocket losses. *Gertz,* supra, 418 U.S. at 350, 94 S.Ct. at 3012.

Viewed in the light most favorable to appellants, one may infer that the alleged statements caused Farnan personal humiliation, and injured Farnan's and FSI's business standing. The alleged comments were made to several of appellants' business associates, and if believed, the comments were quite certain to affect the appellants' business reputation negatively. We therefore conclude, for the purpose of this appeal, that appellants have met their burden of showing there to be a triable issue of damages.

### II

For the foregoing reasons, the order dismissing count two of the counterclaim and the orders granting summary judgment against counterclaimants as to counts one, three and four are reversed.