[Civil No. 4179.   Filed March 11, 1940.]

[100 Pac. (2d) 182.]

R. J. MARTIN, Appellant, v. W. E. LaFON, Appellee.

Mr. H. S. McCluskey and Mrs. E. G. Monaghan, for Appellant.

Mr. S. N. Karam, Mr. Henderson Stockton, Mr. Eli Gorodezky and Mr. J. W. Cherry, Jr., for Appellee.

LOCKWOOD, J.—This is an appeal by R. J. Martin, hereinafter called plaintiff, from a judgment in his favor against W. E. LaFon, hereinafter called

defendant. The facts necessary for a determination of the appeal are not in controversy, and may be stated as follows:

In March, 1938, the parties entered into an option contract, whereby defendant agreed to assign to plaintiff an existing lease in favor of defendant upon certain hotel and cafe property in Phoenix. Plaintiff paid defendant $500 cash at the time of the execution of the option, and agreed to pay the further sum of $4,500 in case he exercised his option. Plaintiff later made a tender of the balance due, according to the terms of the option, and requested an assignment of the lease, which defendant refused to make, whereupon plaintiff brought suit for damages for breach of the contract.

The complaint at first merely claimed general damages, but at the trial leave was granted to amend by an allegation of special damages, so that the complaint then read:

''has been damaged in the premises by the loss of the use of his Five Hundred Dollars ($500.00) paid to the defendant herein, and by the loss of the future probable profits plaintiff would be reasonably certain to make from the operation of the Jefferson Hotel and Cactus Grill, mentioned in said option contract, between the dates of March 21, 1938, and September 14, 1941, plaintiff alleging that said profits were within the contemplation of the parties at the time of the making of said option contract on March 10, 1938, in the sum of Thirty Thousand Dollars ($30,000.00).''

Defendant then moved to strike the allegations of the amended complaint in regard to the loss of future profits, which motion was granted. Evidence was introduced on behalf of both parties, and plaintiff then made a tender of issue and offer of proof in support of the allegation of the amended complaint in regard to future profits, in the following language:

"The plaintiff hereby makes a tender to the court to offer to prove in support of his amended complaint, the testimony of the plaintiff that he is an experienced hotel man, having had experience for some two years in operating the Jefferson Hotel prior to the time the defendant took over the lease thereon; that he is familiar with the business of said hotel, and that from the books and records of the defendant LaFon he will be prepared to show that from the gross receipts of said hotel, less the rentals provided in the lease, and the reasonable costs of operating said hotel, he would have been able to have made a profit—have made prospective profits in the amount of $30,000 during the term of the said lease beginning the 21st day of March, 1938, and terminating on the 14th day of September, 1941, and that he has been damaged in said amount by reason of the failure or refusal of the defendant to comply with the terms and conditions of the option contract dated the 10th day of March, 1938."

The court, having sustained the motion to strike, rejected the proof. The parties rested and judgment was rendered in favor of plaintiff for a return of the $500 which he had already paid on the contract, with interest, and this appeal was taken.

The real question for our consideration is, What is the proper measure of damages in case of a breach of a contract to assign a lease, under the circumstances involved in the present action?

█ It is the contention of plaintiff that where one in possession of, and engaged in, a going business agrees to assign the operating rights of the business to another, and where it may reasonably be presumed that the prospective gains or profits expected to be made in the business by the assignee were within the contemplation of the parties at the time of the contract as an immediate and direct inducement thereto, such gains or profits prevented and lost are a proper element from which to estimate plaintiff's damages, if

there is evidence by which an approximately accurate estimate of the profits lost could be made.

We think the proposition thus stated by plaintiff correctly sets forth the law. *Anvil Min. Co.* v. *Humble,* 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814; *Howard* v. *Stillwell & B. Mfg. Co.,* 139 U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147.

Nor does defendant seriously question the general rule. He stands rather on the proposition (a) that the evidence does not show that future profits as an inducement to the option were within the contemplation of the parties at the time it was made, and (b) that no evidence was offered which would reasonably tend to show the amount of the profits lost.

■ So far as (a) is concerned, we are satisfied defendant's contention is not well founded. The real subject of the option was a going hotel and restaurant business, which had been operated by defendant for about a year and a half, and previously had been operated by plaintiff for some two years. The physical property covered by the lease was practically useless except for the purpose of running the business. It is apparent to us the record shows the parties must have known the only reason why plaintiff desired the assignment of the lease was so he could continue the operation of that particular business on that particular site, for the purpose of making a profit by its operation, and considered that as the inducement for the option. On this state of the record, we think the trial court erred in striking from the complaint the allegations of special damages by a loss of future profits. *Rio Grande Oil Co.* v. *Pankey,* 50 Ariz. 529, 73 Pac. (2d) 707.

■■ The next question is whether plaintiff should have been permitted to offer the evidence which he tendered. It is plain that the evidence was relevant

to the issue of future profits, but would it, if proved as tendered, have been sufficient to sustain a judgment in favor of plaintiff on that point. The test is whether such evidence is sufficient to show with reasonable certainty what the future profits would have been. Plaintiff offered to introduce in evidence the books of defendant himself, showing the receipts and expenses of the business during the time the latter operated it, which covered a period of about a year and a half immediately preceding the giving of the option. Certainly, if from such books plaintiff was able to show that the gross receipts of the business, less the rental and operating cost thereof, showed a net profit, it is a reasonable presumption, in the absence of proof to the contrary, that the business would continue to show a profit at the same rate. Further than that, plaintiff himself had operated the same hotel for a period of two years before defendant took it over, and could testify as to the profits, if any, during that period. He thus had tendered evidence showing the actual results of the operation of the business for a period of approximately three and a half years prior to the time of the contract.

We think this evidence was relevant and material to the issue and should have been admitted, and if from such evidence it appeared that the business had made a net profit, it would have sustained, and, indeed, required a judgment for plaintiff for a loss of future profits, in the absence of evidence indicating that in the future they probably would not have continued. *Neal* v. *Jefferson,* 212 Mass. 517, 99 N. E. 334, 41 L. R. A. (N. S.) 387, Ann. Cas. 1913D 205. We think the learned judge erred in striking the allegations of the complaint in regard to special damages, and in refusing to permit plaintiff to offer evidence in accordance with his tender.

The judgment is reversed and the case remanded for a new trial in accordance with the principles stated herein.

ROSS, C. J., and McALISTER, J., concur.