**367 P.2d 960**

Herman T. GRUMMEL, a Widower, and Margaret E. Burns, a married woman, Appellants and Cross-Appellees,

v.

Ernest L. HOLLENSTEIN and Ruth F. Hollenstein, Husband and Wife, Appellees and Cross-Appellants.

No. 6668.

Supreme Court of Arizona.

En Banc.

Jan. 17, 1962.

Scott, Cavness & Yankee, Phoenix, for appellees.

PER CURIAM.

From a judgment rendered in favor of the plaintiffs, both the plaintiffs and defendants appeal. The matter was tried by the court without a jury. The parties will be referred to as they appear in the trial court.

The essential facts are as follows: Defendants owned 640 acres of unimproved land in the Harquahala Valley in central Arizona. In addition, they held desert entry rights to an additional 480 acres of unimproved Federal land adjoining their fee acreage.

In the latter part of 1951 plaintiffs and defendants entered into an oral agreement whereby the plaintiffs agreed to sink an irrigation well in return for one-half of the defendants' acreage. It was further agreed that plaintiffs would be entitled to the use and production of the entire farm until they had fully recouped all of their investment.

The well was sunk, and thereafter the parties performed their agreement. In 1953 defendants conveyed one-half of the patented land (320 acres) to plaintiffs, so that the plaintiffs could buy out a partner who had originally been associated with them in the venture.

By early 1955 serious difficulties had developed between the parties, and in Novem-

Curtis E. Weland and Cavanagh & O'Connor, Phoenix, for appellant.

ber of that year plaintiffs filed suit against the defendants seeking (1) an injunction restraining defendants from interfering with plaintiffs' use of the farm until recoupment of all funds was made, (2) an accounting and dissolution of any and all relations between the parties, (3) a decree of specific performance, to require defendants to convey sufficient land to give effect to the contract. An amendment to the complaint sought additionally (4) to cancel a written lease between plaintiffs as lessees and defendants as lessors, and (5) damages for breach of contract, resulting in unjust enrichment to the defendants in the amount of $15,000.

During the course of the trial the parties entered into a written stipulation, the effect of which was to remove from the court's consideration the issues which have been designated (1), (2), (4) and (5), above. Thus, the only issue left for the court's determination was that concerning specific performance. At the conclusion of the case, the court entered a money judgment in favor of the plaintiffs in the amount of $40,000.

The defendants assign as error the court's failure to grant their motion to vacate and set aside the judgment, and their motion for a new trial on the grounds that:

(1) The pleadings and record did not permit the court to enter its judgment for money damages based upon breach of contract to convey land,

(2) The judgment was contrary to law because a material variance existed between the pleadings and the proof, and

(3) The judgment is not supported by competent evidence.

The stipulation, insofar as it is essential to the determination of the issues, reads as follows:

"NOW THEREFORE, in consideration of the foregoing, IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES AS FOLLOWS:

"1. The prayer for relief, being numbered No. 1 for an injunction, may be stricken, and count III contained in plaintiffs' amendment to complaint money damages for unjust enrichment may be dismissed with prejudice, pursuant to the terms of this stipulation.

"5. The principal function of this stipulation is to delete from determination of this lawsuit the plaintiffs' prayer for injunctive relief and their claim from the defendants for money by reason of accounting of the so-called partnership operation.

"It is specifically understood and agreed, however, by all parties to this stipulation that this stipulation shall in no ways limit in any manner the plaintiffs from proving any or all portions of the books, records and transactions of the so-called partnership operation, and neither shall it limit in any man-

ner the plaintiffs from proving by competent evidence any other fact or circumstance which would otherwise be material to this litigation just as though this stipulation had not been executed, and likewise this stipulation shall in no manner limit nor determine the defendants from such cross examination or independent proof as they may otherwise deem material and competent."

It is apparent that the effect of this stipulation is to remove from the court's consideration the issue of money damages by *reason of accounting of the so-called partnership operation.* It did not affect, or intend to affect the plaintiffs' claim for specific performance.

■ It is further apparent that the trial court concluded that it could not order the defendant specifically to perform the contract. We agree. A portion of the land had already been conveyed to a third party, and hence it was impossible to enforce the agreement of the parties, which called for an equal division of the land..

"The courts will go a long way to protect persons found in the situation of the plaintiffs, * * * but they cannot, and will not, make a new contract for the parties and specifically compel its performance." Ernst v. Deister, 42 Ariz. 379, 384, 26 P.2d 648, 650 (1933).

■ Whether or not a court will award damages when specific performance cannot be enforced, depends upon the particular facts involved. The general rule is discussed in 49 Am.Jur., Specific Performance § 173 (1943):

"As the rule is often laid down, a court of equity will not grant pecuniary compensation in lieu of specific performance unless performance has become impracticable, or unless the case presented is one for equitable interposition such as would entitle the plaintiff to performance but for intervening facts, such as the destruction of the property, the conveyance of the same to an innocent third person, or the refusal of the vendor's wife to join in a conveyance, which would render the decree useless or inadequate." [1]

■ There is yet another compelling reason why the court could grant a money judgment, having determined that it could not grant specific performance. Rule 54 (d) of our Rules of Civil Procedure, 16 A.R.S., provides:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party

1. See also Bliss v. Hallock, 113 So.2d 889 (Fla.App.1959); Renol Holding Corp. v. Lankenav, Sup., 116 N.Y.S.2d 861 (1952); Caveny v. Asheim, 202 Or. 195, 274 P.2d 281 (1954).

has not demanded such relief in his pleadings."

This court, in discussing the rule in Mackey v. Spangler, 81 Ariz. 113, 116, 301 P.2d 1026, 1028 (1956) stated:

"Under our present rules of civil procedure the plaintiffs are entitled to and the court should award them any relief which the evidence legitimately admitted under the pleadings allows under any theory, whether this be the theory advanced by the plaintiffs in their complaint. A complainant will not be denied legitimate relief merely because he might have misjudged the proper theory. If the facts legally proven under the pleadings entitled plaintiffs to relief under any theory, the court should award the same."

The measure of damages in lieu of specific performance is generally determined by the same rules obtaining in regard to damages for breach of contract in an action at law. Engasser v. Jones, 88 Cal. App.2d 171, 198 P.2d 546 (1948). These are such damages as are proximately traceable to defendant's dereliction, and reasonably within the contemplation of the parties at the time of making the contract. Cole v. Atkins, 69 Ariz. 81, 209 P.2d 859 (1949).

The defendants acknowledge that the evidence of value of the land was competent to show that the plaintiffs took possession of the land, and made valuable improvements thereon, in order to take the case out of the Statute of Frauds. However, the record does not reflect that the evidence was limited to that purpose. This evidence was legitimately admitted under the pleadings, and we conclude that the trial court was justified in predicating its judgment on the basis of such values.

■ Although we cannot determine the precise formula applied by the court in arriving at the amount of damages sustained by the plaintiff, we cannot thereby conclude that the court was not justified in the figure it reached. Exact damages in a case of this nature are difficult, if not impossible to calculate mathematically. This does not mean the plaintiffs cannot recover, when they have shown that they have, in fact, suffered injury. This court correctly stated the rule in Jacob v. Miner, 67 Ariz. 109, 116, 191 P.2d 734, 738 (1948):

"* * * where, * * * it clearly appears that a party has suffered damage, a more liberal rule should be applied in allowing the court or jury to determine the amount of the damage than should be applied in weighing evidence on the question of whether or not the acts complained of will result in any damage at all to the party upon whom rests the burden of proof."

■ After judgment, pursuant to Rule 59(b) of the Rules of Civil Procedure, plaintiffs made a motion for a new trial.

They moved the court to reopen the judgment and take the newly discovered evidence that the farm had been sold by defendants for $146,000 prior to entry of the judgment. The trial court refused, and in their cross appeal plaintiffs assign as error this refusal. No prejudice is shown by the plaintiffs, nor in fact is any claimed. This is a matter lying within the sound discretion of the trial court. We will not disturb it in the absence of a clear abuse of that discretion. We find that the cross appeal is without merit.

The judgment is affirmed.*

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.

* This matter was argued before Justices UDALL and LOCKWOOD and Superior Court Judge WILLIAM KIMBLE. The latter having since resigned[0] the matter has been considered by the entire court, hence the PER CURIAM opinion.