386 P.2d 81

Raymond GILMORE and Doris E. Gilmore,
husband and wife, Appellants,

v.

Samuel COHEN and Ida J. Cohen, husband
and wife, Appellees.

No. 7331.

Supreme Court of Arizona.

In Division.

Oct. 30, 1963.

Warren H. Lynch, Tucson, for appel-
lants.

W. Edward Morgan, Tucson, for appel-
lees.

UDALL, Vice Chief Justice.

This case originated in the Superior Court of Pima County as an action to recover damages for breach of contract. By a written agreement dated February 27, 1957, plaintiffs were given options to buy, at stated prices, thirteen specified parcels of real estate belonging to defendants. The latter's obligation to sell continued only so long as plaintiffs exercised their option and purchased at least one tract every ninety days. Six of the parcels had changed hands according to the terms of this contract, when in June of 1958, defendants refused to make further sales. This lawsuit followed.

At the close of all the evidence, the trial judge concluded that: 1) defendants were in breach of a legally binding agreement between the parties; 2) the amount of plaintiffs' damages could not be ascertained from the evidence with any degree of reasonable certainty; 3) plaintiffs were therefore entitled to no more than nominal damages. From this award of nominal damages only, the plaintiffs now appeal.

The plaintiffs are in the construction business and had instituted a plan for building houses on the several tracts involved. Their theory is that defendants' breach deprived them of profits they would have made from the construction and sale of these houses. They testified that homes had been completed on each of the six lots already purchased, that the six homes had been sold for substantial profits and that like profits would have been realized on the remaining tracts.

In support of the ruling below, defendants argue that lost profits are special damages which were not specifically pleaded as required by R.Civ.P. 9(g), 16 A.R.S. that only evidence of general damages, therefore, could be considered, these being the difference between the contract price and the market value of the land at the time of the breach; and that, since no evidence showing the value of the land was introduced, the trial court properly limited his award to nominal damages.

In our view, the pleading defect was cured by the admission, without objection, of evidence concerning lost profits. This amounted to trial of the issue by implied consent, General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729 (1954); Gilliland v. Rodriquez, 77 Ariz. 163, 268 P.2d 334 (1954); White River Sheep Co. v. Barkley, 37 Ariz. 49, 288 P. 1029 (1930), and it will be treated as if raised in the pleadings. R.Civ.P. 15(b). We think also, that under the facts of this case, lost profits, if they could be proven, were the proper measure of plaintiffs' damages and the trial court was thus justified in considering the evidence relating thereto. Higgins v. Arizona Savings & Loan Ass'n, 90 Ariz. 55, 365 P.2d 476 (1961); A. R. A. Mfg. Co. v. Pierce, 86 Ariz. 136, 341 P.2d 928 (1959); Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948).

■ The only question remaining for our consideration is whether, on the basis of the evidence presented, it was error for the trial judge to limit his award to nominal damages. The burden was on the plaintiffs to show the amount of their damages with reasonable certainty. Jacob v. Miner, supra; Martin v. LaFon, 55 Ariz. 196, 100 P.2d 182 (1940). It is firmly established, of course, in this state as elsewhere, that "certainty in amount" of damages is not essential to recovery when the *fact* of damage is proven. Story Parchment Co. v. Patterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931); Grummel v. Hollenstein, 90 Ariz. 356, 367 P.2d 960 (1962); Brear v. Klinker Sand & Gravel Co., 60 Wash.2d 443, 374 P.2d 370 (1962). This is simply a recognition that doubts as to the extent of the injury should be resolved in favor of the innocent plaintiff and against the wrongdoer. But it cannot dispel the requirement that the plaintiff's evidence provide some basis for estimating his loss. This court stated in McNutt Oil & Refining Co. v. D'Ascoli, 79 Ariz. 28, 281 P.2d 966 (1955), that "conjecture or speculation" cannot provide the basis for an award of damages, and said in Martin v. LaFon, supra, that the evidence must make an "approximately accurate estimate" possible.

■ The requirement of "reasonable certainty" in establishing the amount of damages applies with added force where a loss of future profits is alleged. See Isenberg v. Lemon, 84 Ariz. 340, 327 P.2d 1016 (1958). This is so because such loss is capable of proof more closely approximating "mathematical precision." In other words, the plaintiff in every case should supply some reasonable basis for computing the amount of damage and must do so with such precision as, from the nature of his claim and the available evidence, is possible. See Shannon v. Shaffer Oil & Refining Co., 51 F.2d 878, 78 A.L.R. 851 (10th Cir. 1931); Pye v. Eagle Lake Lumber Co., 66 Cal.App. 584, 227 P. 193 (1924). In our view, the trial judge here was justified in finding that plaintiffs failed to satisfy either requirement.

, The evidence relating to damages was all in the form of testimony by plaintiffs Raymond and Doris Gilmore. No books of account or other record of the costs of developing the first six tracts and their selling price were introduced. Even if formal accounts had not been kept, and there was no showing that they were not, informal memoranda of previous transactions or even past income tax returns showing the profits from the construction and sale of the first six houses, would have given added weight to plaintiffs' claim.

In addition to the inherent weakness of testimonial evidence in cases such as this, we note also that the testimony itself was ambiguous and confused. The plaintiffs seemed uncertain that they had ever shown

a profit from the operation or that future profits were likely to accrue. Mrs. Gilmore, for example, testified as follows:

"A    Well, the first three we didn't make any on. The fourth we made some on.

"Q    How much did you make on the fourth one?

"A    Oh, gosh.

"Q    Do you have that?

"A    I don't have that information with me."

She later testified to the cost and selling price of all the houses, but made several conflicting statements and several which were at odds with her husband's testimony on the same subject. It appears also that houses of several sizes had been built but the profit differentials between the different sizes were not shown

Plaintiffs testified that they had extended a pipe line, from defendants' well to the houses already built, at a cost of $8,000. But there was no showing that water might be supplied to the remaining tracts in the same manner or at the same cost. In fact, Mr. Gilmore testified that the contract required plaintiffs to drill wells to provide water to the premises. When asked if he knew what it cost to drill a well, he answered:

"A    I know exactly * * * whatever the usual price is.

"Q    What is the usual price?

"A    I don't know."

In short, we are not convinced that the evidence concerning damages was calculated to inspire confidence in the trial judge, and his conclusion that the amount was not established with reasonable certainty is justified on the record.

Affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.