448 P.2d 866

**HARRIS CATTLE CO., an Arizona corporation; and Thomas Anesl and Jane Doe Anesl, his wife, Appellants,**

v.

**PARADISE MOTORS, INC., Appellee.**

No. 9265–PR.

Supreme Court of Arizona.

In Banc.

Dec. 26, 1968.

Kramer, Roche, Burch, Streich & Cracchiolo, by Dan Cracchiolo, Phoenix, for appellants.

Bellamak, Zepp & Mitchell, by Ferris W. Bellamak, Scottsdale, for appellee.

McFARLAND, Chief Justice:

This is a petition for review of a decision of the Court of Appeals, reducing the amount of a judgment of the Superior Court to $560. 7 Ariz.App. 287, 438 P.2d 434. Opinion of the Court of Appeals vacated.

Plaintiff-appellee, Madison Chevrolet, Inc. (originally Paradise Motors, Inc.), hereinafter called Madison, sued defendant-appellant Harris Cattle Co., hereinafter called Harris, for damages due to an automobile accident. Harris' car went out of control, went upon Madison's property and severely damaged the building thereon, which was an automobile showroom. Harris coneceded liability and paid the cost of repairing the building. Madison claimed that during the approximately two months required to repair the damage, his business was seriously impaired and a large loss of profits resulted. That was the only issue in the case. The trial court awarded Madison damages in the sum of $11,385. Harris appealed.

The trial court made findings of fact to the effect that Madison suffered a loss of profits in the amount of $11,385. Under Rules of Civil Procedure, Rule No. 52(a), 16 A.R.S., these findings may not be set aside unless "clearly erroneous."

The issue presented in the instant case is the sufficiency of the evidence to support these findings. It is the contention of the defendant that the plaintiff failed to establish with reasonable certainty that a loss of profits occurred during the period for which these damages were awarded. The evidence showed that Madison Motors in downtown Phoenix was sold, and that Mr. Madison retained nine of the experienced salesmen who had been working out of the downtown office; that the sales force was thereby increased by 40 per cent; that while there was an increase in the profits of Madison the profits per salesman were decreased. The evidence of the loss of profits is based upon Exhibit 3, prepared by Madison's accountant to show the profit for the period affected by the loss in 1963, alongside the profit for the same period of 1962. It was explained that since the salesmen are a part of Madison's organization, the loss per salesman definitely shows that the profits would have been greater had Madison had a proper place to display cars, and had the salesmen not been handicapped in not having a proper place to do their work. The following table contains the meat of the exhibit:

| "Computation of Average Profit per Salesman | | 1962 | 1963 |
|---|---|---|---|
| Gross Profit per Schedule 2 | | $ 57,704 | $ 65,920 |
| Sales Related Expenses per Schedule 2 | | 26,062 | 32,792 |
| Profit | (a) | $ 31,642 | $ 33,128 |
| Number of Salesmen per Schedule 2 | (b) | 16 | 22½ |
| Average Profit per Salesman [Item (a) divided by Item (b)] | | $ 1,978 | $ 1,472 |
| "Computation of Business Interruption Loss | | | |
| Average Profit per Salesman—1962 | | | $ 1,978 |
| Average Profit per Salesman—1963 | | | 1,472 |
| Decrease | (c) | | $ 506 |
| Number of Salesmen in 1963 | (d) | | 22½ |
| Business Interruption Loss [Item (c) multiplied by Item (d)] | | | $ 11,385" |

In Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734, we held:

"It is a well established rule in this state that loss of profits from the destruction or interruption of an established business may be recovered if the amount of actual loss is rendered reasonably certain by competent proof. Jacobson v. Laurel Canyon Mining Co., 27 Ariz. 546, 234 P. 823; Matson v. Bradbury, 40 Ariz. 140, 10 P.2d 376; Rio Grande Oil Co. v. Pankey, 50 Ariz. 529, 73 P.2d 707; Martin v. LaFon, 55 Ariz. 196, 100 P.2d 182. * * *

*  *  *  *  *  *

"The Supreme Court of the United States in the case of Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 250, 75 L.Ed. 544, clearly points out the distinction between cases in which the evidence as to the fact of the damage is uncertain and those in

which the fact of the damage is clearly established, the uncertainty existing only as to the extent of the damage, in these words:

> " 'It is true that there was uncertainty as to the extent of the damage, but there was none as to the fact of damage; and there is a clear distinction between the measure of proof necessary to establish the fact that petitioner had sustained some damage, and the measure of proof necessary to enable the jury to fix the amount. The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount.'
>
> "This distinction is fundamental for where, as here, it clearly appears that a party has suffered damage, a more liberal rule should be applied in allowing the court or jury to determine the amount of damage than should be applied in weighing evidence on the question of whether or not the acts complained of will result in any damage at all to the party upon whom rests the burden of proof."

In Gilmore v. Cohen, 95 Ariz, 34, 386 P.2d 81, 11 A.L.R. 3d 714, we said:

> "The only question remaining for our consideration is whether, on the basis of the evidence presented, it was error for the trial judge to limit his award to nominal damages. The burden was on the plaintiffs to show the amount of their damages with reasonable certainty. Jacob v. Miner, supra; Martin v. LaFon, 55 Ariz. 196, 100 P.2d 182 (1940). It is firmly established, of course, in this state as elsewhere, that 'certainty in amount' of damages is not essential to recovery when the *fact* of damage is proven. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931); Grummel v.

Hollenstein, 90 Ariz. 356, 367 P.2d 960 (1962); Brear v. Klinker Sand & Gravel Co., 60 Wash.2d 443, 374 P.2d 370 (1962).

This is simply a recognition that doubts as to the extent of the injury should be resolved in favor of the innocent plaintiff and against the wrongdoer. But it cannot dispel the requirement that the plaintiff's evidence provide some basis for estimating his loss."

In speaking on the question of the rules to govern the determination of the amount of damage for loss of business, the Washington court, in the case of Sposari v. Matt Malaspina and Company, 63 Wash.2d 679, 388 P.2d 970, held:

> "We accept appellants' statement that damages will not be allowed for loss of expected profits unless the loss be shown with reasonable certainty and a reasonable degree of accuracy, and that the testimony establishing the loss must be free of speculation and conjecture. Automatic Canteen Co. of Washington v. Automatic Canteen Co. of America, 182 Wash. 133, 45 P.2d 41; DeHoney v. Gjarde, 134 Wash. 647, 236 P. 290; Brinnon Logging Co. v. Carlsborg Mill & Tbr. Co., 122 Wash. 483, 210 P. 945.
>
> "But we acknowledge and give equal status to the correlative rule that, where an enterprise or undertaking in which profits were contemplated is thwarted by tortious misconduct or by reason of a breach of contract, the loss of anticipated profits, if proved with reasonable certainty, may be an item of damages occasioned by the tortious misconduct or breach of contract. Difficulty in ascertaining the damages, or uncertainty as to the amount, provides no basis in logic for denial *in toto*. If the evidence affords a reasonable basis for establishing the loss, an issue arises to be resolved by the trier of the facts."

The question then is whether the findings of the trial court are "clearly erroneous." The evidence in the instant case

**69**

is practically undisputed, according to the testimony of Mr. Madison, that the show room, which was destroyed, was used for the purpose of displaying new cars; that the weather was cold during the time the building was being reconstructed; that after the accident took place, it was boarded up but couldn't be locked and a watchman had to be there at night; that it could not be heated for some time; that it was uncomfortable for customers and for people working there; that it tied up the sales and the lubrication departments; that the painters came in and had spray rigs and compressors, all of this impairing Madison's operations; that in order to get into the show room, prospective customers had to go through the workroom because they couldn't get in the front way; that the "closing offices" used by the salesmen were "busted up," and that these were where salesmen took customers to discuss prices, payments, etc. This testimony clearly supports the finding that the future sales were damaged. The expert testimony was based upon the reduction in the profits per salesman. The weight of this evidence was for the court to determine, and, as pointed out in the case of Sposari v. Malaspina, supra, the amount of the damage was a question to be resolved by the trier of the facts. As stated in Jacob v. Miner, supra, the wrong having been admitted and it having been clearly proven by the evidence that Madison suffered damage, a more liberal rule must be allowed to determine the amount.

██ Coombs, when asked the question if in his estimation the amount of damages was not "speculative in nature," replied "No, it is not speculative. It is based on the record." So we have in the instant case the testimony of an expert giving an estimation based upon the prior sales of salesmen. While, as Harris contends, the profits did increase, this does not justify this Court in holding that the findings of fact were "clearly erroneous." Nor should appellate courts substitute their judgments for those of the trial courts. Brandes v. Mitterling, 67 Ariz. 349, 196 P.2d 464.

Decision of the Court of Appeals vacated. Judgment of the trial court affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.