724 P.2d 1252

**Dean C. SHORT, Plaintiff/Appellant,**

v.

**James R. RILEY and Bali Hai Associates, a limited partnership, Defendants/Appellees.**

**No. 2 CA–CIV 5536.**

Court of Appeals of Arizona, Division 2, Department A.

April 14, 1986.
Review Denied Sept. 9, 1986.

**584**

Bonnett, Fairbourn & Friedman, P.C. by Andrew S. Friedman and Cynthia van R. Cheney, Phoenix, for plaintiff/appellant.

O'Connor & Hannan by Robert A. Brunig, Minneapolis, Minn., and Streich, Lang, Weeks & Cardon by William S. Hawgood, II, Phoenix, for defendants/appellees.

FERNANDEZ, Judge.

## OPINION

Appellant Dean C. Short was awarded $83,956 by a jury for damages sustained as the result of the breach of a contract by the appellees Bali Hai Associates, a limited partnership, and James R. Riley, its general partner. The court granted appellees' motion to vacate the judgment on the ground that the evidence did not support the award and because the damages were not properly proven. Appellees were also granted a new trial because of misconduct by appellant's counsel in his questioning as to Riley's wealth. We find that the jury verdict should be reinstated and a new trial denied. We affirm the attorney's fee award.

Short had operated the Ports O'Call restaurant at 2201 Miracle Mile in Tucson for a number of years. In March of 1980 he contracted to sell the restaurant to Riley and Bali Hai Associates. In connection with the transaction, Riley gave Short a promissory note for $627,500. The name of the restaurant was changed to Bali Hai, and appellees operated it at a substantial net loss until November 1981.

In an effort to reduce his losses, Riley, who had no previous experience in the restaurant business, entered into a second contract with Short in November 1981 in which Short agreed to release the appellees from the outstanding note obligation in return for Riley's payment of $150,000 and reconveyance of the restaurant (including real estate, all fixtures and a No. 6 liquor license). Following the execution of the second agreement a dispute arose over the proceeds of a casualty insurance claim for damages to the restaurant's sign. Although this dispute was not related to the contract for sale of the restaurant, Riley refused to reconvey the liquor license in an effort to dissuade Short from claiming the insurance proceeds. Without the liquor license Short was unable to operate, sell or lease the restaurant.

Short sued for specific performance of the agreement to reconvey the liquor license and sought damages for conversion of the insurance proceeds, for breach of contract and for lost profits. The insurance dispute was arbitrated and resulted in a ruling favorable to Riley. The court granted partial summary judgment in February 1983 and ordered Riley to reconvey the liquor license. Short reopened the restaurant in April 1983 and renamed it the 2200 Club. He then amended his complaint to allege conversion of the liquor license. In October 1983 the court entered another partial summary judgment, finding the appellees liable for conversion of the liquor license and for breach of the agreement. Neither partial summary judgment order is at issue in this appeal.

At trial the court found that Short had elected to pursue his contract remedy, and the claim for conversion of the liquor license was dismissed. Short and his accountant presented evidence that Short had profitably run restaurants in the Tucson

area for over 34 years, including Ye Olde Lantern, an establishment located within a few blocks of the restaurant in question. Both testified as to Short's lost profits for the 15–month period during which Riley wrongfully withheld the liquor license. Short also testified regarding the rent he could have received for the restaurant during this period. Riley's primary defense was that no damages were foreseeable in view of Short's statement that he was not interested in operating the restaurant. The jury awarded Short $83,956, and the court awarded $5,000 attorney's fees. The court subsequently granted Riley's motion for new trial, concluding that Short's claimed damages were not foreseeable and were not properly proven, and that Riley had been wrongfully questioned about his wealth.

On appeal Short contends that the court abused its discretion 1) in setting aside the jury's verdict on the ground that consequential damages were not foreseeable; 2) in concluding that Arizona law requires proof of damages for lost profits of a new business with "something that approaches mathematical certainty;" 3) in concluding that three questions asked during cross-examination of Riley were sufficiently prejudicial to deny him a fair trial; and 4) in awarding Short nominal attorney's fees.

## DAMAGES FOR LOST PROFITS OF A NEW BUSINESS

In setting aside the jury verdict, the court found that there was no basis for a claim for lost profits because Short had stated that he did not intend to operate the restaurant; therefore, the claim was not within the contemplation of the parties at the time they entered into the contract. The court concluded that Short's claim was essentially one for loss of profits from a new business and that he failed to comply with Arizona law which requires that lost profits be proven with something that approaches mathematical certainty.

Both parties agree that the rule for assessing damages in a contract action permits recovery of "those damages which arise naturally from the breach itself or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered the contract." *All American School Supply Co. v. Slavens,* 125 Ariz. 231, 233, 609 P.2d 46, 48 (1980).

■ It is clear from the evidence that Short intended to sell the restaurant as soon as possible and that an operating restaurant is more marketable than a closed restaurant. Therefore, at the time of the second agreement, it was within the contemplation of the parties that Short would make reasonable efforts, including reopening the restaurant if necessary, to sell the restaurant. Short's statements that it was not his intention to operate the restaurant while he was negotiating with Riley for its return should not foreclose him from taking reasonable action to sell the property. We find that Short's opening and operating of the restaurant, if necessary to sell it, was reasonably contemplated by the parties at the time of the contract. Lost profits during the period Riley wrongfully withheld the license are damages that naturally flow from the breach of that contract.

■ The trial court concluded that Arizona law disallows recovery of lost profits for a new business unless they can be proven with something that approaches mathematical certainty and that Short's evidence had failed to meet this burden. The court relied on *Isenberg v. Lemon,* 84 Ariz. 340, 327 P.2d 1016 (1958). That law has since been modernized. The rule now is that, when evidence is available to furnish a reasonably certain factual basis for computation of probable losses, recovery cannot be denied even though a new business venture is involved. *Rancho Pescado, Inc. v. Northwestern Mutual Life Insurance Co.,* 140 Ariz. 174, 680 P.2d 1235 (App. 1984); *Earle M. Jorgensen Co. v. Tesmer Manufacturing Co.,* 10 Ariz.App. 445, 459 P.2d 533 (1969). Once the fact of damages has been proven, the amount of the damages may be shown with proof of a lesser degree of certainty than is required to establish the fact of damage. *Harris Cattle*

*Co. v. Paradise Motors, Inc.*, 104 Ariz. 66, 448 P.2d 866 (1968); *Gilmore v. Cohen*, 95 Ariz. 34, 386 P.2d 81 (1963). The law still requires "a reasonable basis in the evidence for the trier of fact to fix compensation when a dollar loss is claimed." *Nelson v. Cail*, 120 Ariz. 64, 67, 583 P.2d 1384, 1387 (App.1978).

■ The evidence required to prove loss of future profits depends on the individual circumstances of each case and, although absolute certainty is not required, the jury must be guided by some rational standard. In determining whether a plaintiff has met his burden, courts have considered the profit history from a similar business operated by the plaintiff at a different location. *Standard Machinery Co. v. Duncan Shaw Corp.*, 208 F.2d 61 (1st Cir.1953); *Guard v. P & R Enterprises, Inc.*, 631 P.2d 1068 (Alaska 1981); *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 261 N.W.2d 358 (1978). In the case of an established business, certainty may also be proved when the plaintiff presents some reasonable method of computing his net profit or loss. *Lininger v. Dine Out Corp.*, 131 Ariz. 160, 639 P.2d 350 (App. 1981).

■ Short and his bookkeeper had many years of experience operating other restaurants in Tucson and Short was familiar with both pre- and post-Riley operation of this restaurant. Appellees argue that the evidence did not properly allocate property rental and labor expenses attributable to Short's management of the restaurant. This argument merely goes to the weight of the evidence and was fully presented to the jury. We find no error and we conclude that, under the circumstances of this case, evidence of loss of future profits was properly admitted and was sufficient to support the verdict.

### PREJUDICIAL QUESTIONING

On direct examination Riley testified as to why he sold the business back to Short as follows:

"The third option was to resell it to Mr. Short because I didn't have anybody else to sell it to because I didn't have $600,000 cash to pay him and then go out and have somebody take it over. So I didn't have any, I didn't have any viable alternative but selling it to Mr. Short, in my mind, at that time."

On cross-examination, counsel for Short attempted to challenge Riley's plea of impecuniousness, and the following exchange occurred:

"Q. Mr. Riley, I have a few questions. First of all, you testified that in 1981, one of the reasons you were forced to enter into this deal with Mr. Short was that you didn't have the money to pay him off, $600,000, is that right?

A. Yes.

Q. Isn't it true at that time, you put and lost two and one-half million dollars in the commodities market?

MR. BRUNIG: I will object and ask it be stricken, your Honor.

\*    \*    \*    \*    \*    \*

THE COURT: I'm going to sustain the objection.

MR. PETROFF–TOBLER: Let me ask it this way. If you did have two and one-half million dollars you could have paid Mr. Short at that time?

MR. BRUNIG: I will object, your Honor, calls for prejudice and is irrelevant.

THE COURT: Objection sustained.

MR. PETROFF–TOBLER: Let me ask it this way. You said you didn't have $600,000 to pay Mr. Short, right?

A. Yes.

Q. All right. Did you have $600,000 that you put in another business venture?

A. I don't know.

Q. You were involved in other business ventures?

A. Yes.

Q. Including the commodities market?

MR. BRUNIG: I will object, your Honor.

THE COURT: I'm going to sustain the objection. . . ."

On the basis of this exchange, the trial court found that Riley had been prejudiced so as to deny him a fair trial.

■■■ The jurors were instructed that when an objection was sustained they were to ignore the question. We find no showing of prejudice which might have influenced the jury's verdict. The verdict amount was only one-half the damages estimated by the only expert who testified at the trial, and the award was not so exorbitant as to indicate it resulted from passion or prejudice. *Valley National Bank v. Brown*, 110 Ariz. 260, 517 P.2d 1256 (1974). We presume the jury followed the instruction to disregard questions to which objections had been sustained. *Elliott v. Landon*, 89 Ariz. 355, 362 P.2d 733 (1961). Additionally, in a trial such as this between two veteran businessmen we find any error to be harmless. It was an abuse of discretion to grant a new trial absent a showing that the questions actually influenced the verdict. *Ring v. Taylor*, 141 Ariz. 56, 685 P.2d 121 (App.1984).

### ATTORNEY'S FEE AWARD

■■■ Short contends that the trial court abused its discretion in awarding only $5,000 attorney's fees in view of the large amount of time expended on the case. We disagree. The award of attorney's fees is discretionary and there is nothing presented here to show that discretion was abused. *Autenreith v. Norville*, 127 Ariz. 442, 622 P.2d 1 (1980); *Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 676 P.2d 642 (App. 1983).

Attorney's fees on appeal will be awarded to appellant upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (1985 Supp.), and *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

Reversed with directions to reinstate the jury's verdict; the award of attorney's fees is affirmed.

HOWARD, P.J., and LIVERMORE, J., concur.