NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ARETE PHARMACY NETWORK, LLC, *Plaintiff/Appellee*,

*v.*

NAM Q. NGUYEN, *Defendant/Appellant.*

No. 1 CA-CV 21-0672
FILED 8-25-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2019-007421
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

---

COUNSEL

L&G Law Group LLP, Scottdale
By John E. Drazkowski, Sean Donlan
*Counsel for Plaintiff/Appellee*

Clark Hill PLC, Scottsdale
By Ryan J. Lorenz, Christopher Thomas Curran
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1 Nam Q. Nguyen appeals the superior court's grant of summary judgment in favor of Arete Pharmacy Network, LLC ("Arete"). Nguyen argues that the evidence supporting the court's award of damages was inadmissible and lacked foundation and that he adequately disputed the amount due. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In August 2018, Silva Pharmacy, Inc. ("Silva") contracted with Arete for a variety of programs and services in exchange for fees. Silva and Arete also entered a "Central Pay Agreement," allowing Arete to "accept all payments due under all applicable Arete Third Party Contracts." Nguyen, an owner of Silva at that time, signed a personal guaranty (the "Guaranty") promising, as relevant, "the full and timely payment of all indebtedness, obligations, and liabilities of Silva owed to Arete." In November 2018, Silva was sold to IDC Holdings, LLC, but Nguyen's Guaranty remained active.

¶3 Beginning in April 2019, Silva initiated a series of claim reversals. A claim reversal occurs when a pharmacy, like Silva, reverses a reimbursement after finding it should not have been paid under an insurance plan. These reversals were then credited from Arete's account and withheld from Silva to account for the reversal. However, because Silva allegedly initiated more than 900 reversals, Silva was left with a negative balance owed to Arete.

¶4 Arete sued Silva and Nguyen for the amount owed under their contracts and the Guaranty. Silva filed bankruptcy and was later dismissed. Following discovery, Arete moved for summary judgment, citing information from its database—in the form of a spreadsheet (the "Spreadsheet") showing claim reversals totaling $741,841.17. It also submitted an affidavit from its controller, John Cailloutte, to support and explain the Spreadsheet. Although discovery was already closed, Nguyen nevertheless requested permission to depose out-of-state witnesses

2

pursuant to Arizona Rule of Civil Procedure 56(d). The superior court denied Nguyen's motion, and Nguyen filed a substantive response to Arete's motion for summary judgment, supported by Nguyen's affidavit.

**¶5**　　　　Following oral argument, the court granted Arete's motion for summary judgment, awarding damages against Nguyen in the principal amount of $741,841.17 plus costs, interest, and attorneys' fees. Nguyen timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**　　　　We review the entry of summary judgment de novo. *Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 221 Ariz. 515, 518, ¶ 9 (App. 2009). We view the facts in the light most favorable to the party against whom summary judgment was entered and draw all justifiable inferences in its favor. *Id.* at 517, ¶ 2. Summary judgment is appropriate when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Parties are permitted to use affidavits to support or oppose motions for summary judgment, but such "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Ariz. R. Civ. P. 56(c)(5).

**¶7**　　　　We review the superior court's rulings regarding the admissibility of evidence in a summary judgment for an abuse of discretion. *United Ins. Co. v. Lutz*, 227 Ariz. 411, 415, ¶ 19 (App. 2011). "A court abuses its discretion if it commits legal error in reaching a discretionary conclusion, or if the record lacks substantial evidence to support its ruling." *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, 518, ¶ 41 (App. 2006).

**¶8**　　　　Citing *Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co., Inc.*, 174 Ariz. 72, 81 (App. 1992), Nguyen first argues Cailloutte's affidavit lacked sufficient foundation to be admissible, and therefore, could not be considered to prove damages. However, in *Villas*, the affidavit in question did not state whether the affiant had ever reviewed the exhibits attached to the motion for summary judgment or that he was familiar with the person who prepared exhibits or the manner in which they were prepared. *Id.* at 81–82. Moreover, that affidavit recited conclusory facts based on computer-generated exhibits that were inadmissible hearsay. *Id.*

**¶9**　　　　By contrast, Cailloutte's affidavit established he was Arete's controller at all relevant times and handled day-to-day accounting,

including reimbursements and reversals. Cailloutte's affidavit also establishes he had personal knowledge of and reviewed Arete's business records—including the information contained in the Spreadsheet. Therefore, *Villas* is inapposite.

¶10 Next, Nguyen argues the Spreadsheet was inadmissible under Arizona Rules of Evidence ("Rule") 1002 and 1006 because it was an unoriginal summary and Arete failed to provide originals or copies of underlying documentation supporting that summary. The court considered and rejected these arguments. Addressing Rule 1002, the court found the Spreadsheet was a business record, not an unoriginal summary. As such, the court determined the Spreadsheet was "admissible under Rule 803(6)."

¶11 Cailloutte's affidavit provided adequate foundation under Rule 803(6) to establish the Spreadsheet as a business record. In it, Cailloutte affirmed that the contents of the Spreadsheet were recorded at or near the time of events by someone with knowledge and were kept in the regular course of business. The court's finding that the Spreadsheet qualifies as a business record is consistent with Arizona law, and the court did not abuse its discretion by admitting it for purposes of summary judgment. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 8 (App. 1990) (holding that an affidavit could establish damages for summary judgment when it was based in part on review of admissible business records). Because the Spreadsheet was analyzed and admitted as a business record, not an unoriginal summary, the provisions of Rule 1006 were likewise inapplicable, and the court did not err in not considering those provisions further.

¶12 Finally, while Nguyen does not dispute his obligations under the Guaranty, he argues he disputed the amount of damages sufficiently to defeat Arete's motion for summary judgment. To be sure, Arete bears the burden of proving its damages. *Gilmore v. Cohen*, 95 Ariz. 34, 36 (1963). The mere absence of a genuine dispute of material fact does not automatically entitle Arete to summary judgment. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 16 (App. 2012). Rather, even in the face of Nguyen's failure to offer opposing evidence, Arete maintained the burden of persuasion, and Nguyen could have shown Arete's evidence "is susceptible to different assessments by a reasonable finder of fact." *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 292–93, ¶ 20 (App. 2010) (citation omitted).

¶13 Nguyen argues his affidavit controverted Arete's evidence of its damages, thereby creating a dispute as to an issue of material fact sufficient to defeat summary judgment. Nguyen's affidavit states that the Spreadsheet "cannot possibly be correct," as it appeared to be a

"reproduction by someone with Arete who could insert any numbers" and "could just be fabricated numbers on a piece of paper, rather than actual documentation of reversed financial transactions."

¶14 These statements are essentially arguments regarding the character and admissibility of the Spreadsheet. But "[w]e review whether summary judgment was proper based on the record made in the superior court." *See Zumar Indus., Inc. v. Caymus Corp.*, 244 Ariz. 163, 166, ¶ 7 (App. 2017). Because we affirm the court's evidentiary rulings and are bound by the record, we disregard those portions of Nguyen's affidavit that express opinion as to the Spreadsheet's character as a business record or its credibility. *See id; supra* ¶¶ 10–11.

¶15 Nguyen's affidavit further states that the Spreadsheet was inaccurate because it contained reversals but did not show any reimbursements for the same period and did not provide additional documentation. But our review of the record reveals that, contrary to Nguyen's affidavit, the Spreadsheet did contain a significant number of positive transactions, which were deducted from the total damages.

¶16 The remainder of Nguyen's affidavit is self-serving, conclusory, or rests primarily on allegations of his own pleading rather than establishing facts that affirmatively contradict Arete's evidence. Thus, Nguyen's affidavit is inadequate to prevent entry of summary judgment. *See* Ariz. R. Civ. P. 56(e); *Florez v. Sargeant*, 185 Ariz. 521, 526 (1996) ("[A]ffidavits that only set forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment.").

¶17 Faced with admissible evidence establishing damages, Nguyen was required to "set forth specific facts showing a genuine issue for trial" to defeat summary judgment. Ariz. R. Civ. P. 56(e). Nguyen argues he did so by providing a declaration from Silva's bankruptcy alleging that certain third parties owed Silva $1,000,000 "for funds reclaimed that should not have been reclaimed," which could be used to offset the documented reversals. But this evidence does not negate Nguyen's liability under the Guarantee, and therefore, does not present a genuine issue for trial. *See id.* And Nguyen presents no further facts or evidence to contradict the Spreadsheet's summation of money owed by Silva to Arete.

¶18 Because Arete's evidence established its damages by admissible evidence and Nguyen's evidence failed to raise any substantive dispute as to any material facts, Arete met its burden of persuasion and was

entitled to summary judgment and its damages as a matter of law. *See* Ariz. R. Civ. P. 56(a), (e).

**CONCLUSION**

¶19      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA